IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS (Chicago)

| | |
|---|---|
| In re the matter of: | CASE NO. 13-04324 |
| | CHAPTER 7 |
| DINKO KECANOVIC | |
| Debtor. | JUDGE JACK B. SCHMETTERER |

## RESPONSE TO DEBTOR'S MOTION TO REOPEN

COMES NOW S3MA, a judgment creditor herein, by and through its attorney of record, respectfully objects to the debtor's motion to reopen and the debtor's motion to enforce the discharge order pursuant to 11 USC Sec. 523(a)(3)(C).

The debtor filed a detailed motion in this matter. In that motion, he outlined the correct factual history between the parties. He also properly attached the complaint filed in Florida. The factual history is incomplete, however.

The facts should have included that the debtor actively concealed this bankruptcy from creditor S3MA and the other judgment plaintiff, Sachin Amin. The lawsuit was filed in Florida in 2012, bearing case number 2012-CA-006810-0, prior to the filing of the bankruptcy. Even prior to that, however, the debtor was actively engaged in the fraud that resulted in the complaint. So, one must inquire why the debtor engaged in the active cover-up of his bankruptcy from the creditors. The plaintiffs were not scheduled, nor was their attorney David Cohen. Now, years later, after a judgment was entered, and collection efforts have begun, the bankruptcy was unveiled for the first time. Plaintiff S3MA learned of the 2013 bankruptcy on March 7, **2019.**

The cover-up was massive on the part of the debtor.

**First**, the debtor lied on his Statement of Financial Affairs, Question #4. That question specifically inquires about pending lawsuits or lawsuits within a year prior to the filing of the case.

Here, he lists only two lawsuits. Neither of the lawsuits is the one with S3MA. Though he knew he had engaged in a fraudulent scheme to defraud S3MA and knew that a lawsuit was pending against him, he chose to not schedule ANY of that.

There is a reason he didn't schedule the creditors and the lawsuit. Had he scheduled it, he would have had to schedule the payoffs to the creditors of his company Tessa Wine, LLC. Those would include debts for the licenses for the operation of the business. He would have also had to schedule the $283,379.23 income from the sale along with the assumption of the promissory note made to himself. The note was in the amount of $436,500.00. Failure to schedule the income and the relief from debt was also a fraudulent scheme, but that was a fraud on the United States Bankruptcy Court.

**Second**, he failed to schedule TWO creditors, the TWO plaintiffs. It truly begs the conscience to think that a brand-new lawsuit for fraud that began mere months prior to the filing of a chapter 7 bankruptcy simply evaded the memory of this debtor.

**Finally**, the debtor fails to inform the court that the state court lawsuit asserted causes of action based upon the debtor's fraud and the state court final default judgment also was based upon the debtor's fraud. The debtor only focuses on the fact that the judgment was a default judgment. But this a default judgment in Florida and Florida default judgments would have gotten full faith and credit had the plaintiff(s) received notice of the bankruptcy filing.

Florida law holds that a default judgment in Florida "conclusively establishes between the parties the truth of all material allegations contained in the complaint in the first action and every fact necessary to uphold the default judgment." See *Nourbakhsh v. Gayden,* 162 B.R. 841 (9th Cir. BAP 1994). The full faith and credit statue provides that the state judicial proceedings, "'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in

the courts of such State…from which they are taken.'" See 28 USC Sec 1738 and *Marrese v. American Academy of Orthopedic Surgeons*, 470 US 373, 380, 105 S.Ct 1327, 1331, 84 L.Ed, 2d 274 (1984).

Therefore, the judgment of Fraud entered in Florida, had the notice been provided to this creditor timely, would have been given full faith and credit in accordance with Florida Law.

To move that this court reopen the case and then discharge this debt would be wrong as a matter of law. The Florida Judgements would stand as a matter of law.

WHEREFORE, S3MA moves this Honorable Court for entry of an order denying the debtor's motion to reopen the bankruptcy and deny debtor's motion to enforce discharge, and for such other and further relief this court deems proper.

        Respectfully submitted
        S3MA

        By:   /s/Amy A. Aronson
        Amy A. Aronson
        One of its Attorneys

Amy A. Aronson
ARONSON & WALSH, P.C.
Vernon Hills, IL 60061
847.247.1810
Attorneys for S3MA

## **CERTIFICATE OF MAILING**

I hereby certify that on this 13th day of March 2019, a true and correct copy of the foregoing was mailed, postage prepaid and properly addressed or via electronic mail as indicated to:

Dinko Kecanovic
700 W. VanBuren St.
Apt 901
Chicago, IL 60607
Via Regular Mail

**Jonathan D. Parker**
Geraci Law LLC
55 E. Monroe Street #3400
Chicago, IL 60603
Via Electronic Notice

**Frances Gecker**
1327 W. Washington Boulevard
Suite 5G-H
Chicago, IL 60607
Chapter 7 Trustee
Via Electronic Notice

Patrick S. Layng
219 S. Dearborn Street
Suite 873
Chicago, IL 60604
Via Electronic Notice

/s/Amy A. Aronson
Amy A. Aronson
For S3MA